IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA   )
                         )  Case No. 1:13CR42-1
    vs.               )
                         )  Greensboro, North Carolina
WILLIE JAMES CARPENTER,   )
                         )  July 11, 2013
    Defendant.        )
_____)  10:41 a.m.


TRANSCRIPT OF SENTENCE

BEFORE THE HONORABLE WILLIAM L. OSTEEN, JR.

UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:   ANAND P. RAMASWAMY, AUSA
                     Office of the U.S. Attorney
                     101 S. Edgeworth Street, 4th Floor
                     Greensboro, North Carolina 27401

For the Defendant:   STACEY D. RUBAIN, Esq.
                     Quander & Rubain
                     301 N. Main Street, Suite 2020
                     Winston-Salem, North Carolina 27101


Court Reporter:      Joseph B. Armstrong, RMR, FCRR
                     324 W. Market, Room 101
                     Greensboro, NC  27401


Proceedings reported by stenotype reporter.
Transcript produced by Computer-Aided Transcription.

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 1 of 20

```
1                    P R O C E E D I N G S
2              (At 2:05 p.m., proceedings commenced.)
3              MR. RAMASWAMY:  The Government calls United States
4  of America versus Willie James Carpenter in 1:13CR42-1.
5  He's represented by Ms. Rubain and is here for sentencing.
6              THE COURT:  Good afternoon, Ms. Rubain.
7              MS. RUBAIN:  Good afternoon, Your Honor.
8              THE COURT:  Are you and Mr. Carpenter ready to
9  proceed?
10             MS. RUBAIN:  We are, Your Honor.
11             THE COURT:  Have you received a copy of the
12 presentence report and reviewed it with him?
13             MS. RUBAIN:  I have, Your Honor.
14             THE COURT:  Are there any objections?
15             MS. RUBAIN:  There were no objections, Your Honor.
16             THE COURT:  All right.  Mr. Carpenter, let me ask
17 you, sir, first of all, have you reviewed a copy of the
18 presentence report with Ms. Rubain?
19             THE DEFENDANT:  Yes, sir, Your Honor.
20             THE COURT:  And do you generally agree with the
21 report?
22             THE DEFENDANT:  Yes, sir, Your Honor.
23             THE COURT:  You may have a seat then.  I will
24 adopt the presentence investigation report without change.
25 In Mr. Carpenter's case, the offense of conviction, that is,
```

US v. Carpenter – Sentence – July 11, 2013

1    a violation of 18 USC Section 2422(b), does carry a

2    mandatory minimum sentence.  The resulting advisory

3    guideline calculation is as follows:

4              A total offense level of 33.

5              A criminal history category of one.

6              A guideline imprisonment range of 135 to 168

7    months.

8              A supervised release range of five years to life.

9              A fine range of $17,500 to $175,000.

10             And a special assessment of $100 is mandatory.

11             Ms. Rubain, will there be any additional evidence

12   on behalf of Mr. Carpenter?

13             MS. RUBAIN:  No, Your Honor.

14             THE COURT:  Then I will hear from you at this --

15   well, I guess, Mr. Ramaswamy, is the victim or anyone on the

16   victim's behalf here today and wish to address the Court?

17             MR. RAMASWAMY:  No, sir.  I'm sorry, yes, there

18   is.  May I inquire?

19             THE COURT:  You may.

20             MR. RAMASWAMY:  The victim's mother is present,

21   Your Honor, but she does not wish to be heard.

22             THE COURT:  All right.  Thank you.  Then,

23   Ms. Rubain, I'll hear from you at this time as to what

24   constitutes a sentence that is sufficient but not greater

25   than necessary taking into consideration the advisory

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 3 of 20

1    guideline calculation as well as all other factors set forth
2    under 18 USC Section 3553.

3          MS. RUBAIN:  Thank you, Your Honor.  Your Honor,
4    first, I begin by recognizing Mr. Carpenter does have some
5    family support here in the courtroom.  His uncle is
6    seated -- I'm sorry, they must be on the other side.  I
7    think they're on the other side hidden by me -- as well as a
8    cousin.  They have been very involved throughout my
9    representation of Mr. Carpenter.  Mr. Carpenter's wife,
10   Estella, who is referenced in the presentence report as well
11   has been in touch with me, as evidenced by the presentence
12   report remains supportive of Mr. Carpenter and will continue
13   to do that throughout the term of his sentence of
14   imprisonment and thereafter.

15         Your Honor, Ms. Thompson-Graves did a very fine
16   job setting in setting out, I believe, a very great snapshot
17   and picture of Mr. Carpenter's history.  I will highlight a
18   few things I think are relevant to the Court's determination
19   as to what a reasonable sentence is.

20         Your Honor, as the Court can see, Mr. Carpenter is
21   55 years of age.  He has no criminal history points.  He
22   does have some criminal history, as the presentence report
23   notes.  I would note for the Court's consideration, though,
24   the last conviction was back in 1997, I believe by my
25   calculation.  He's not had any other convictions since then,

US v. Carpenter - Sentence - July 11, 2013

1    and the convictions that he does have are for conduct that

2    is very dissimilar to what he is being sentenced for here

3    today.

4            Your Honor, this is quite a difficult case, I'm

5    sure, for the Court's consideration, and it's been one that

6    is quite difficult for Mr. Carpenter.  But I will note that

7    he has acknowledged his responsibility, and he has expressed

8    extreme remorse to me, and I would go ahead and express that

9    on his behalf to both the Court and to the victim's mother

10   who is present in court.

11           Your Honor, he does have a very strong work

12   history.  He's been an over-the-road truck driver since the

13   early '90s.  It seems that in my discussions with him and

14   from the presentence report, there was a period of time when

15   he was on a certain path in terms of having drug involvement

16   and other criminal conduct.  He made a decision, I believe,

17   to turn his life around some time in the mid to late '90s

18   once he relocated back to North Carolina where he came to

19   take care of a very sick relative.  He has a strong

20   marriage, as I said, to Ms. Carpenter and was extremely

21   involved in her family and participating in his church where

22   unfortunately is where he met the victim in this case.

23           Your Honor, I would contend that there are some

24   very strong factors that would warrant the Court, I believe,

25   to impose the statutory minimum.  In terms of adequate

1    deterrence, he is facing a statutory minimum, which is 10

2    years, which is a very significant sentence, especially for

3    someone who is criminal history category number one.

4            Your Honor, the guideline range that we're dealing

5    with, the advisory range, is one that was created because of

6    the cross-reference.  Without that cross-reference, his

7    guideline range would have been a little bit lower.  I

8    believe it actually would have been below the statutory

9    minimum.

10           Your Honor, I believe that a sentence of 10 years

11   is just punishment.  This is someone who is 55 years of age.

12   The likelihood of him to re-offend with the appropriate sex

13   offender treatment with a significant criminal history, I

14   think, is low.  You can see from his lack of a record over

15   the last 55 years, or at least in terms of criminal history

16   points, that suggests for this Court that he is very likely

17   not to re-offend.

18           Your Honor, I would also contend to the Court that

19   there are some other factors that the Court should consider

20   that are acknowledged in the presentence report.  He does

21   have some severe medical problems.  As Ms. Thompson-Graves

22   noted, he suffers from Bell's palsy.  That causes him to

23   have severe heart pain, suffer from memory loss.  His father

24   died of heart disease, and I believe that Mr. Carpenter, if

25   he has not had that diagnosis, probably will have a

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 6 of 20

diagnosis similar to him in that he does suffer from chronic
heart disease.

     Your Honor, I would also ask the Court in
determining whether the Court makes some recommendations to
BOP to consider making a recommendation that he be sent to
the facility at Butner which has the medical facility.  But
if the Court is not inclined to do that, of course, I would
ask for a designation as close to his home in Durham, North
Carolina, as possible.

     Your Honor, I would also -- in reference to the
supervised release recommendation, I believe
Ms. Thompson-Graves recommends 10 years.  I would ask the
Court to consider a term of 5 years.  With his age, with the
length of his sentence, I don't believe he needs a very long
term of supervised release.  Of course, he will have to
register as a sex offender on the state registry because of
this conviction and will have some monitoring because of
that as well.

     Your Honor, I would ask the Court to consider
varying downward to the statutory minimum.  I believe that
sentence is sufficient but not greater than necessary to
achieve the 3553(a) goals.

     Your Honor, if the Court doesn't have any other
questions of myself with respect to --

     THE COURT:  One, and that is I understand your

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 7 of 20

1  points about this whole thing.  One of the factors that I
2  have to consider is the need to avoid unwarranted sentence
3  disparities; and rightly or wrongly, in a number of these
4  sex offense cases -- we'll focus specifically on enticement
5  for just a moment -- generally speaking, 10 years is a
6  lengthy sentence, and that's where I generally impose the
7  sentence so long as there was no contact, even -- regardless
8  of the intent, so long as there was no contact.

9          Here, there was contact, to put it in one form, I
10  guess, but there was contact.  So I understand your points
11  about 120 months.  On the other hand, it's not the base
12  offense here, and we often -- sometimes there are cases
13  where there are prior convictions or other conduct, but
14  often in these cases it's criminal history category of one,
15  good work history, and so on, and so on.  So that -- I think
16  I probably would agree with you on most of your argument,
17  but the unwarranted sentence disparities is what I've been
18  wrestling with on this case.

19          MS. RUBAIN:  Your Honor, and the only thing that I
20  would respond to that is I think some of the other factors
21  might balance out the distinction in this case where there
22  was some sexual conduct in terms of the Court, I believe,
23  could justify still imposing the statutory minimum because
24  of the other 3553(a) factors.  If we were dealing with
25  someone who was 25 years old, maybe having criminal history

US v. Carpenter - Sentence - July 11, 2013

1    or limited criminal history or prior sexual contact with a
2    minor, that would be somewhat of a different sentence.
3           We're dealing with someone who is 55 years of age.
4    There's nothing in his criminal history that speaks to this.
5    Because of his age, because of his lack of contact with the
6    criminal justice system, I believe that that sentence of 120
7    months will meet all of the 3553(a) goals with respect to
8    him individually and not looking at him in the general,
9    broader category of those people who are convicted and
10   sentenced in these cases; and because its an individualized
11   assessment, that 120 months has more of a significant effect
12   on Mr. Carpenter than it might have on someone who was
13   younger, someone with a lack of criminal history or some of
14   these other factors that he has in his favor that maybe
15   someone else would not.
16          You know, we can't take away that there was sexual
17   contact here, and it's not for me to explain or justify.  We
18   have to deal with what we're given.  But I would still
19   contend that the 120 months in terms of applying it to him
20   still meets all of the 3553(a) factors and would be an
21   appropriate and reasonable sentence based on his
22   individualized facts.
23          THE COURT:  All right.  Thank you.  Mr. Ramaswamy?
24          MR. RAMASWAMY:  Your Honor, I would agree with
25   counsel that that cross-reference to the production accounts

1  for some of this range, but would note that there's a single

2  instance of approximately 11-second video that just in my

3  opinion does not -- the purpose of the enticement, it was

4  more of a side effect of the meeting.

5           That being said, I would not object to a low end

6  of this advisory guideline range.  By saying that, I don't

7  want to discount the actual harm to this victim and her

8  family.  I met with the parents several times.  They're,

9  again, in my opinion, people who tried to do everything

10  right in raising their daughter, putting on cell phone

11  restrictions, actually quite a few restrictions; and despite

12  those restrictions and by meeting in this -- by attending

13  the same church, she came into contact with the defendant,

14  and over time we have something develop that led to this

15  conduct.  I don't wish to be heard any further.

16           THE COURT:  All right.  Mr. Carpenter, you're not

17  required to say anything.  If you choose to remain silent,

18  your silence will not be held against you in any way

19  whatsoever.  But you do have the right to address the Court

20  before any sentence is imposed; and if you wish to address

21  the Court, now is the appropriate time.

22           THE DEFENDANT:  I just want to apologize to her

23  family.

24           THE COURT:  Well, in Mr. Carpenter's case, it's a

25  very -- it's a difficult case.  I'm very sympathetic to the

victim and the family as well as to Mr. Carpenter, and I say
that in some respects because at least I come away with the
impression that Mr. Carpenter is genuinely remorseful for
what he -- for what occurred here in many respects.  On the
other hand, it's -- this is a very serious offense and one
that rightfully is taken very seriously by the guidelines.

I am going to find that a sentence at the low end
of the guidelines, that is, 135 months, is sufficient but
not greater than necessary.

Ms. Rubain -- after taking into consideration the
arguments of counsel, the advisory guideline calculation, as
well as all other factors set forth under 18 USC Section
3553, even recognizing that enticement is the ultimate
intent in these cases of this type, fortunately a number of
these cases seem to either not result in any actual contact,
or law enforcement officers are able to act before any
actual contact occurs.

But here there is not only enticement, but
actual -- an actual physical acting upon that enticement by
the defendant in this case, and in my mind that certainly
makes the circumstances of the offense more serious than
many of the cases that we see.

On the other hand, looking at the history and
characteristics of the defendant, Ms. Rubain, I -- not that
it makes any difference to the analysis, but I see a

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 11 of 20

1  misdemeanor conviction in 2003, not 1999, and I just want to
2  make sure --

3         MS. RUBAIN:  Your Honor, I believe there was a
4  resisting in 2003 --

5         THE COURT:  Yeah, a misdemeanor.  Your argument
6  still retains the same force; that is, Mr. Carpenter had 10
7  years of good conduct.  It seems Mr. Carpenter's got a good
8  employment history and is talented in terms of musical
9  ability.  So although I find the need for the sentence
10  imposed to reflect the seriousness of the offense and
11  promote respect for the law to be very significant and
12  substantial, I do find that in terms of deterring
13  Mr. Carpenter as well as protecting the public from further
14  crimes of Mr. Carpenter to be low in this case.

15         I will, therefore, after taking into consideration
16  all those matters, impose a sentence of 135 months.  Let's
17  see.  There is a recommendation for 10 years of supervised
18  release -- five to life, and life is recommended under the
19  guidelines.  But taking into consideration Mr. Carpenter's
20  age as well as his -- the length of the sentence imposed, I
21  will find that seven years is sufficient in Mr. Carpenter's
22  case in terms of supervised release.  I will recommend
23  Mr. Carpenter to Butner or a similar medical facility and as
24  close to his home in Durham as possible.

25         Anything further you wish -- want me to address,

1    Ms. Rubain --

2            MS. RUBAIN:  Your Honor, I do have a motion to

3    dismiss the remaining count of the indictment.

4            THE COURT:  I'll order the dismissal of any

5    remaining counts pursuant to the terms of the plea

6    agreement.

7            Then in Case No. 13CR42, United States versus

8    Willie James Carpenter, as to Count One, it is hereby

9    ordered that the defendant is committed to the custody of

10   the Bureau of Prisons for a term of 135 months followed by

11   seven years of supervised release.  A special assessment of

12   $100 is mandatory, is hereby imposed, and is due and payable

13   immediately.  A fine is waived because of the defendant's

14   inability to pay, and restitution will not be imposed in

15   Mr. Carpenter's case.

16           I do recommend to the Bureau of Prisons that the

17   defendant be designated to Butner-FCI, Butner medical

18   facility, or a similar facility, and further that he be

19   designated to a facility as close to his home in Durham as

20   possible.

21           During the period of supervised release, it is

22   ordered that the defendant shall comply with the standard

23   terms and conditions of supervised release.  In addition to

24   the standard terms and conditions, the following special

25   conditions are imposed.  Mr. Carpenter, if you would like to

1    have a seat, you may do so.

2         One, the defendant shall provide any requested

3    financial information to the probation officer.

4         Two, the defendant shall cooperatively participate

5    in an evaluation and a mental health treatment program with

6    emphasis on sex offender treatment and pay for those

7    treatment services as directed by the probation officer.

8    Treatment may include physiological testing such as the

9    polygraph and penile plethysmograph and the use of

10   prescribed medications.

11        Three, the defendant shall consent to third party

12   disclosure to any employer or potential employer concerning

13   any restrictions that have been imposed upon him.

14        Four, the defendant shall provide personal and

15   business telephone records to the probation officer upon

16   request and consent to the release of certain information

17   from any online, telephone, or similar account.

18        Five, the defendant shall not have any contact

19   other than incidental contact in a public forum such as

20   ordering in a restaurant, grocery shopping, et cetera, with

21   any person under the age of 18 without prior permission of

22   the probation officer.  Any approved contact shall be

23   supervised by an adult at all times.  The contact addressed

24   in this condition includes, but is not limited to, direct or

25   indirect, personal, telephonic, written, or through a third

party.  If the defendant has any contact with any child,
that is, a person under the age of 18, not otherwise
addressed in this condition, the defendant is required to
immediately remove himself from the situation and notify the
probation office within 24 hours.

Six, the defendant shall not frequent places where
children congregate, including parks, playgrounds, schools,
video arcades, day care centers, swimming pools, or other
places primarily used by children under the age of 18
without the prior approval of the probation officer.

Seven, the defendant shall not view, purchase,
possess, or control any sexually explicit materials
including, but not limited to, pictures, magazines,
videotapes, movies, or any material obtained through access
to any computer -- of any material linked to computer access
or use.

Again, this is another case where we don't have a
computer, so I can see the reasoning on the view, purchase,
possess, or control any sexually explicit materials, but I'm
not sure since there's -- I think I probably better stop at
that, Mr. Ramaswamy.

MR. RAMASWAMY:  There's no evidence that this was
a cell phone.  There's no evidence of any distribution.  I
know a smart phone is a computer, but, again, in 10 years, I
don't know what computers and smart phones might be.

US v. Carpenter - Sentence - July 11, 2013

1      THE COURT:  I'm just going to limit it to not

2  purchase, possess, or control any sexually explicit

3  materials including any pictures, magazines, videotapes,

4  movies -- or movies.  I'll leave it at that.

5      Eight, the defendant shall submit to a search of

6  his person, property, house, residence, vehicle, papers,

7  computer, or other electronic communication or data storage

8  devices or media and effects at any time, with or without a

9  warrant, by any law enforcement officer or probation officer

10  with reasonable suspicion concerning unlawful conduct or a

11  violation of a condition of probation or supervised release.

12      And, nine, the defendant shall register with the

13  state sex offender registration agency in each jurisdiction

14  where he resides, is employed, carries on a vocation, or is

15  a student.  The defendant will be required to keep this

16  registration current.  For initial registration only, the

17  defendant must also register in the jurisdiction where he

18  was convicted if he does not reside in that jurisdiction.

19      Mr. Carpenter, you do have the right to appeal the

20  sentence that I have imposed in this case.  If you choose to

21  appeal, notice of appeal must be filed within 14 days of the

22  entry of judgment.  If you wish to appeal and cannot afford

23  the services of counsel, counsel will be appointed to

24  represent you.  Ms. Rubain will be responsible for advising

25  you with respect to your right to appeal and filing a notice

US v. Carpenter – Sentence – July 11, 2013

1   of appeal if you instruct her to do so.

2           Anything further, Ms. Rubain?

3           MS. RUBAIN:  No, Your Honor.

4           THE COURT:  Mr. Ramaswamy?

5           MR. RAMASWAMY:  I neglected to bring this up, and

6   I don't think anything like this has come up before, but the

7   victim's father -- stepfather is a corrections officer, and

8   he works at Butner, and it would be --

9           THE COURT:  Butner-FCI?

10          MR. RAMASWAMY:  Yes, sir.  They requested that

11  he -- and I know ultimately it's up to the Bureau of

12  Prisons, but that not be where Mr. Carpenter is designated.

13          THE COURT:  I thought for some reason there were

14  two or three different campuses at Butner.

15          MS. RUBAIN:  There are, Your Honor.  It's a vast

16  complex, and I would think if the victim's father is

17  employed there, they could make appropriate arrangements not

18  to have Mr. Carpenter in the area where he's working.  There

19  are several different camps and levels there; and without

20  further information about where he works, I would just

21  leave -- I would ask the Court to leave that up to the

22  bureau --

23          THE COURT:  There's no question it's better for

24  both of them if they're at separate facilities just to avoid

25  even the appearance of an issue for anyone.  I don't

Case 1:13-cr-00042-WO   Document 16   Filed 11/06/13   Page 17 of 20

1   immediately -- I certainly don't jump to the conclusion that
2   either Mr. Carpenter or -- the stepfather, wasn't it -- or
3   the stepfather would take any acts either way.
4           But I'll make the recommendation a little more
5   specific.  I'll recommend that he be designated to the
6   facility at Butner so long as or taking into account the
7   fact that the victim's stepfather is an employee of at least
8   one of the facilities -- or the Butner federal correctional
9   facility, and it is the Court's further recommendation that
10  the defendant not be housed at a facility at which the
11  stepfather is employed.  I think that's about as good as I
12  can do.
13          MS. RUBAIN:  Since he's employed at FCI-Butner,
14  that seems to then make him not --
15          THE COURT:  I thought it was a medical facility
16  and then medium security facility and then the camp.  He
17  raised his hand.  What's the status of --
18          UNIDENTIFIED SPEAKER:  It's actually five
19  institutions.
20          THE COURT:  Five institutions.  And which one are
21  you working at now?
22          UNIDENTIFIED SPEAKER:  I'm designated to one, but
23  if I work overtime or anything like that, it could be -- it
24  could be at the medical center or camp or the low -- or
25  medical treatment.  Anything like that could be -- you know,

1    I could get assigned to work at any of them.

2              THE COURT:  I'm just going to leave it that I

3    recommend Butner, but also further recommend the Bureau of

4    Prisons take into consideration the victim's stepfather is

5    an employee of Butner-FCI.  If I won't make you say anything

6    now, but, Mr. Ramaswamy, have you got his name?

7              MR. RAMASWAMY:  Perhaps if we can include the

8    stepfather's name which I could pass up to the clerk in the

9    judgment.

10             THE COURT:  Yep, let Ms. Welch know that name by

11   the time the judgment -- in the next few days, and then she

12   can include -- give them a little more information for them

13   to have.

14             MR. RAMASWAMY:  Yes, sir.

15             MS. RUBAIN:  Thank you, Your Honor.

16             THE COURT:  All right.  Thank you.  Did I advise

17   of the right to -- yeah, I did.

18             (At 2:30 p.m., proceedings concluded.)

19

20

21

22

23

24

25

US v. Carpenter - Sentence - July 11, 2013

* * * * *

C E R T I F I C A T E

      I, JOSEPH B. ARMSTRONG, RMR, FCRR, United States

District Court Reporter for the Middle District of North

Carolina, DO HEREBY CERTIFY:

      That the foregoing is a true and correct transcript of

the proceedings had in the within-entitled action; that I

reported the same in stenotype to the best of my ability;

and thereafter reduced same to typewriting through the use

of Computer-Aided Transcription.


Date:  11/06/13      Joseph B. Armstrong, RMR, FCRR
                     United States Court Reporter
                     324 W. Market Street
                     Greensboro, NC  27401

US v. Carpenter – Sentence – July 11, 2013