IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | 1:13CR42-1 |
| v. | : | |
| | : | |
| WILLIE JAMES CARPENTER | : | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

NOW COMES the United States of America, by and through Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and responds in opposition to the motion of Defendant Willie James Carpenter ("Carpenter") to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release), filed February 22, 2021. (Dkt. Entry ["Dkt."] #21).

## Summary

Carpenter is serving a 135-month sentence for enticement of a minor. Carpenter now seeks compassionate release, largely citing the conditions at FCI Fort Dix during the COVID-19 pandemic. (Dkt. #21). Carpenter also cites, in support of his motion, various medical conditions including atherosclerosis and hypertension. (*Id.* at 8-9).

On the basis of recent data, the CDC has again revised its list of high-risk factors for serious complications from the COVID-19 virus. CDC, Coronavirus Disease 2019 (COVID-19), People at Increased Risk, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 7, 2021). The CDC now reports a list of conditions, listed alphabetically, that *can increase* risk of becoming severely ill from COVID-19. *Id*. The CDC now lists heart conditions, such as coronary artery disease and hypertension, among the medical conditions which can make you more likely to get severely ill from COVID-19. *Id.*

Regardless of risk, before applying to the Court for relief Congress requires Carpenter to request a reduction in sentence ("RIS") from the BOP, through the warden of his prison, and then either waiting 30 days for the BOP to respond, or exhausting all administrative rights to appeal, whichever comes first, before moving the district court for a modification or reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). As described below, Carpenter has not clearly established he has exhausted his administrative remedies before applying to this Court for compassionate release. Thus, this Court should deny Carpenter's motion at this time.

## Background

Carpenter pled guilty, pursuant to a plea agreement, to an information alleging enticement of a minor in violation of 18 U.S.C. § 2422(b). (Dkt. # 5). According to the Factual Basis[1], Carpenter communicated with a 14-year-old girl ("A.N.B.") using a cellular telephone from April 5, 2012 through April 6, 2012. Both Carpenter and A.N.B. lived in Durham, North Carolina. The cellular telephones used by Carpenter and A.N.B. utilized the mobile networks of Virgin Mobile, Sprint and/or TracFone, which are national networks, thus constituting a facility and means of interstate commerce. (Dkt. #4 at 1).

Using cellular telephone communications, Carpenter and A.N.B. agreed to meet one another on the evening of April 5, 2012, to engage in an activity which would constitute an offense by Carpenter of indecent liberties with a child under North Carolina state law (N.C.G.S. § 14-202-1). Carpenter picked up and took A.N.B. to a hotel in Durham, North Carolina. (Dkt. #4 at 1-2).

Ultimately, the district court sentenced Carpenter to 135 months of imprisonment and a term of seven (7) years of supervised release. (Dkt. dated 7/11/13; Dkt. #9). While he filed notice of appeal, it was voluntarily dismissed. (Dkt. # 10, 17, 18).

---

[1] Carpenter raised no objection to the Factual Basis during his guilty plea. (Dkt. #15 – Plea Tr. at 31).

Carpenter is currently in BOP custody at FCI Fort Dix, Joint Base MDL, New Jersey. He is scheduled for release (including credit for good conduct time) on December 23, 2022. *See* BOP Inmate Locator, at https://www.bop.gov/inmateloc/ (last accessed April 7, 2021). FCI Fort Dix is a low security federal correctional institution housing a total of 2,783 inmates (2,614 inmates at the FCI and 169 inmates at the satellite camp). *See* https://www.bop.gov/locations/institutions/lee (last accessed April 7, 2021). Of those, 15 inmates are currently reported positive, along with 40 staff members. *See* https://www.bop.gov/coronavirus/ (last accessed April 7, 2021). So far, 1,803 inmates and 50 staff members have recovered. *Id.* Sadly, two (2) inmates have died. *Id.* Additionally, BOP has issued guidance on the COVID-19 vaccine and begun administering vaccines to inmates.[2] *See* COVID-19 Vaccine Guidance, Federal Bureau of Prisons Clinical Guidance (Jan. 4, 2021), https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf (last accessed April 7, 2021).

## Discussion

Under the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A)(i), the district court may modify or reduce an inmate's sentence

---

[2] Vaccinations have begun at FCI Fort Dix. Thus far, 627 inmates and 222 staff have been fully vaccinated. It is not known where specifically Carpenter may fall within the matrix of proposed vaccine recipients.

4

"upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If this condition is met and the motion is properly before the district court, the court may also find, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, that "extraordinary and compelling reasons warrant a reduction" of the defendant's sentence and that "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* The findings required for release include that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2), p.s. (2018).

The government acknowledges that COVID-19 may affect whether an inmate can show an "extraordinary and compelling reason" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), to the extent that: (1) the inmate has a condition or characteristic that is a cognizable basis for compassionate release under the current criteria (e.g., a serious medical condition, debilitating condition, elderly offender with medical conditions, etc.) and that condition or characteristic also elevates the inmate's risk of becoming

5

seriously ill from COVID-19 under CDC guidelines, and (2) the inmate is more likely to contract COVID-19 in his particular institution than if released.

The defendant "bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate-release motion." *United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (further citations omitted). Furthermore, before making a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant "must at least ask the Bureau of Prisons (BOP) to do so on [his] behalf and give BOP thirty days to respond. *See* § 3582(c)(1)(A)." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). This requirement of a RIS submission to the BOP and then waiting thirty days or exhausting administrative remedies is a mandatory claim-processing rule which must be enforced when invoked; there is no exception for waiver or futility and an untimely motion should be dismissed without prejudice. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

As to the exhaustion requirement of § 3582(c)(1)(A), Carpenter did not file a request for reduction in sentence (RIS). Carpenter makes no claim that he filed a RIS. (Dkt. #21). Mallory Storus, BOP Attorney at the FCC Butner Legal Center, has advised the undersigned that officials at FCI Fort Dix have no record of receiving a RIS request from Carpenter.

Carpenter has presented no evidence – and the government has located no evidence – that he has exhausted administrative remedies by filing a RIS. On these facts, Carpenter has not established that he has complied with this mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Carpenter bears the burden of establishing that extraordinary and compelling reasons justify his release. *See United States v. Mangarella*, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019); *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (the defendant has the burden to show circumstances meeting the test for compassionate release).

In summary, because Carpenter has not established he has complied with the mandatory claim-processing rule, this Court should deny his motion at this time.

## CONCLUSION

WHEREFORE, as set forth herein, the government requests that the Court deny Defendant's motion for compassionate release.

This the 7th day of April, 2021.

>Respectfully submitted,
>
>SANDRA J. HAIRSTON
>Acting United States Attorney
>
>
>/S/ ANGELA H. MILLER
>Assistant United States Attorney
>SCSB #11662
>United States Attorney's Office
>Middle District of North Carolina
>101 S. Edgeworth St., 4th Floor
>Greensboro, NC  27401
>Phone:  336/333-5351

8

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and Pro Se Defendant will be mailed a copy, as follows:

    WILLIE JAMES CARPENTER
    Reg. No. 28694-057
    FCI FORT DIX
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 2000
    JOINT BASE MDL, NJ 08640

                          /S/ ANGELA H. MILLER
                          Assistant United States Attorney
                          SCSB #11662
                          United States Attorney's Office
                          Middle District of North Carolina
                          101 S. Edgeworth St., 4th Floor
                          Greensboro, NC 27401
                          Phone: 336/333-5351